# Hindman Transfer & Storage Inc. v. PMA Group

C.P. of Butler County, no. 92-1099.

*Lee A. Montgomery,* for plaintiff.
*Thomas H. May,* for defendant.

O'BRIEN, *P.J.,* April 1, 1996—Before the court is defendant's motion for partial summary judgment. For the reasons set forth in the within memorandum opinion, defendant's motion is denied.

Plaintiff purchased workmen's compensation insurance from defendant from 1989 through 1991, during which time plaintiff had approximately 42 workmen's compensation claims. Plaintiff claims that defendant improperly administered five of the 42 claims causing plaintiff to incur excessive workmen's compensation insurance premiums and to incur lost profits associated with a potential contract with Sears, Roebuck and Co. Further, plaintiff claims to be entitled to an award of punitive damages against the insurer pursuant to 42 Pa.C.S. §8371.

On motion for partial summary judgment, defendant claims that: (1) no genuine issue of material fact exists to support plaintiff's claim for lost profits associated with the Sears contract, and (2) there is no evidence on record to support plaintiff's claim of bad faith pursuant to 42 Pa.C.S. §8371. (Purdon Pocket Part 1995.) Defendant claims further that, if the court does not grant partial summary judgment on plaintiff's bad faith claim, severing plaintiff's claim for compensatory dam-

ages for breach of contract from plaintiff's claim for damages for bad faith is necessary to avoid unfair prejudice to defendant.

As defendant properly states, in a claim for breach of contract, to recover lost profits, plaintiff must prove, by a preponderance of evidence that the lost profits: (1) can be determined with reasonable certainty; (2) were the proximate consequence of the wrong; and (3) were reasonably foreseeable. *Delahanty v. First Pennsylvania Bank N.A.,* 318 Pa. Super. 90, 120, 464 A.2d 1243, 1258 (1983). Where genuine issues of material fact exist, these elements are factual questions to be determined by the fact-finder. *Id.* at 117, 464 A.2d at 1257. Upon thorough review of George Hindman's deposition transcript, the court finds that a genuine issue of material fact exists from which a jury may find that plaintiff's incurred lost profits on a contract with Sears, Roebuck and Co. as the result of defendant's alleged improper administration of five workmen's compensation claims; therefore defendant's motion for partial summary judgment on plaintiff's claim for lost profits is denied.

Defendant moves for summary judgment on plaintiff's bad faith claim on grounds that plaintiff failed to show that defendant acted with a dishonest purpose, ill-will or with some self-interest in administering plaintiff's workmen's compensation claims. Plaintiff's burden in a bad faith claim is to provide *some* evidence of bad faith, at which time the burden shifts to the defendant to prove that it acted reasonably and in good faith in administering claims subject to retrospective premium adjustments. *Liberty Mutual Insurance Co. v. Marty's Express Inc.,* 910 F. Supp. 221 (E.D. Pa. 1996). Upon thorough review of George Hindman's deposition transcript, the court finds that plaintiff has

produced some evidence from which a jury may find that defendant acted in bad faith in administering plaintiff's workmen's compensation claims; therefore, defendant's motion for partial summary judgment on plaintiff's bad faith claim is denied.

Defendant claims that it will be unfairly prejudiced if plaintiff's breach of contract claim is permitted to proceed in the same case as plaintiff's bad faith claim. The court finds that trying these claims together will not prejudice defendant. In the interest of judicial economy, defendant's motion for severance is denied.

## ORDER

And now, April 1, 1996, upon consideration of defendant's motion for partial summary judgment, counsels' briefs and arguments thereon, and review of the record, it is hereby ordered that said motion is denied. Further, it is hereby ordered that defendant's motion for severance of Counts One and Two of plaintiff's complaint is denied.